# Estate of Job Evans, deceased. Appeal of Harriet E. Hunter.

*Decedent's estate—Duty as regards vigilance and fidelity.*

The first duty of an executor, acting, as he does, in a fiduciary capacity, is to the trust represented.

If one be indebted to an estate and also to the executor individually, the paramount duty of the latter is to secure the former claim in preference to his own.

*Executors' commissions, as affected by incompetency and delay.*

When there is manifest incompetency and undue delay exhibited by an executrix in the settlement of the estate, it is ground for reduction of the commissions otherwise to be allowed.

Argued Dec. 2, 1895. Appeal No. 24, Nov. T., 1895, by Harriet E. Hunter, executrix of Job Evans, deceased, from definitive decree of O. C. Chester Co., April 22, 1895. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

From the report of S. D. Ramsey, auditor, it appears:

Decedent died April 4, 1892, testate, leaving his daughter, Harriet E. Hunter, executrix. The husband of the executrix, S. D. Hunter, was indebted to the estate, to his wife Harriet, and to other creditors. Subsequent to decedent's death, and pending settlement of the estate, S. D. Hunter executed a bill of sale of certain household goods to his wife, in part payment of a judgment note for money loaned him by her, dated Jan. 12, 1891. Mrs. Hunter made no effort to collect the claim due the estate by her husband. The auditor surcharged the executrix with the value of the goods covered by the bill of sale, less $300, debtor's exemption, which could have been set up against the estate, holding that "if one be indebted to an estate and

also to the executor individually, the paramount duty of the latter is to secure the former claim in preference to his own," citing Twiedweger's Estate, 29 Pitts. L. J. 63; Harris's Estate, 19 W. N. 538; France's Estate, 16 W. N. 351; Johnston's Estate, 9 W. & S. 107; Charlton's Estate, 34 Pa. 473.   The auditor also found that there had been manifest incompetency and undue delay in settlement of the estate sufficient to reduce, but not wholly to deprive her of commissions.   A question also arose as to the devise of certain real estate, subject to a mortgage, which was not considered by the appellate court, for the reason that it will have to be determined in another proceeding in the court below.

*Errors assigned* were, inter alia, (1, 4) surcharging the executrix with the sum of $539 on account of goods transferred to her by her husband, S. D. Hunter; (2) surcharging accountant with the sum of $93.00 from her commissions.

*Thomas W. Pierce* and *William R. Murphey*, for accountant, appellant.

*H. H. Gilkyson* for *Harry Sloyer*, guardian, appellee.

OPINION BY REEDER, J., December 16, 1895 :

In this case there are four assignments of error.   The first and fourth assignments relate to the same subject-matter, and can be considered together.

The appellant complains of the court below in dismissing her first exception to the auditor's report, to wit, that the auditor erred in surcharging the executrix with the sum of $539 on account of money received by her from S. D. Hunter, her husband, by a transfer made by him to her of his property, the value of which was credited upon a judgment note previously obtained by her from him to secure her individual claim.

The consideration of the fourth assignment of error will necessarily be included in any discussion of the assignment above referred to.

Taking the facts as found by the auditor and as confirmed by the court (and which are fully justified by an examination of the testimony), the conclusion of the court below is irresist-

ible.   Harriet E. Hunter was the executrix of the last will and testament of her father.   As such executrix, she held a demand against her husband for a large amount of indebtedness to the estate of the testator.   She also held an individual claim payable to herself. ' She obtained from him a transfer of his household goods, for which she gave him a credit on the judgment note held by her against him of $839, the value of the goods. These goods were afterwards seized and taken in execution upon a judgment obtained against Mr. Hunter by one of his creditors.   Upon the trial of a sheriff's interpleader, the title of Mrs. Hunter to the goods was established by a verdict of the jury ; $539 of this money, being the value of the household goods, less the $300 exemption, was surcharged to her by the auditor.

The first duty that she owed, acting in a fiduciary capacity, was to the trust she represented.   If she could have recovered at all any amount of money from her husband's estate, it was her duty to appropriate such money so recovered to the trust which she was administering.   The best evidence that she was able to collect money from her husband's property for the benefit of the estate was the fact that she did collect it for his indebtedness to her individually.

After letters testamentary were granted her, she allowed nearly a year to pass without any effort to secure the estate, and then, when her husband was threatened with legal process by others of his creditors, she absorbed his entire personal property for the payment of his indebtedness to her individually.

It is contended on the part of the appellees that, as she had her home with her husband, and as this property consisted of household furniture in the occupancy of both, she could not reasonably be expected to obtain a judgment, as executrix, against her husband, and to sell his household goods upon execution issued thereon, because it would deprive her of the comforts of her home.   As a legal proposition, this is untenable.   If the proper execution of her duty as executrix interfered with her personal convenience or comfort, it was her duty to resign her trust in order to look after her individual interest.   So long as she continued to act as the executrix of her father's will, her first duty was to that estate, and the mere plea of inconvenience will not be permitted to interfere with that which was her man-

ifest legal duty.    We have not cited any authorities in support of these legal propositions, for the reason that they are already cited by the learned auditor in his report, and to again refer to them would be but a needless repetition.

The action of the court below was correct in dismissing these two exceptions filed to the auditor's report.

In the second assignment of error, the appellant complains of the court below in surcharging the accountant with the sum of $93.00, part of the amount credited in her account as commissions.. The auditor's finding of facts is entirely justified by the testimony in the case—" that there was manifest incompetency exhibited by Mrs. Hunter as executrix, and that there was undue delay in promptly proceeding with the settlement of the estate."

There is nothing, therefore, to complain of in this action on the part of the court below, and this assignment of error is also dismissed.    In surcharging the accountant with this sum, together with the amount which she recovered from her husband's personal property and appropriated to his indebtedness to her individually, the learned auditor has by no means dealt harshly with her.

We do not consider it necessary, from what we have already said, to enter into a discussion of the third assignment of error, as the decision of the court below must be sustained by the action that we have already indicated.    Whether the Hunter children took the real estate devised to them by their grandfather subject to the Kennedy mortgage or not, is not a subject that enters into our consideration in the determination of this case.    Whether they took this estate with the burden of this mortgage upon it, or whether it was the meaning of the testator that the Kennedy mortgage should be discharged by its payment out of the general fund, is a question with which we do not care to incumber this record by discussing, for the reason that it may, and will, in all probability, have to be determined in another proceeding in the court below, and, so far as we can now see, cannot come before this court upon an appeal.

The decree is therefore affirmed.